

| | | |
|---|---|---|
| **ZACHARY W. CARTER**<br>*Corporation Counsel* | T**HE** C**ITY OF** N**EW** Y**ORK**<br>L**AW** D**EPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY  10007 | **Elissa B. Jacobs**<br>*Special Federal Litigation*<br>(212) 356-3540<br>(212) 788-9776 (fax)<br>ejacobs@law.nyc.gov |

August 6, 2014

**By ECF**
Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: Ameir Stewart, et al. v. City of New York, et al.,
> 1:14-cv-02854-RJD-RML

Your Honor:

I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of The City of New York, representing the defendant The City of New York in this action.  I am writing to request an additional thirty-day extension to respond to the Complaint from today, August 6, 2014 to September 5, 2014 in light of an ongoing  investigation into the case by the  Civilian Complaint Review Board ("CCRB").  Plaintiff's counsel, Samuel Cohen, consents to this request

By way of background, plaintiffs Ameir Stewart, Amil Stewart and Jacob Pena allege, *inter alia*, that on May 29, 2013,  employees of the New York City Police Department ("NYPD") used excessive force against them during an entry into their home.  The undersigned is aware that CCRB is investigating the incident that is the subject of this lawsuit, and that Detectives O'Brien and Reich and Officer Moyer are subjects of that investigation.  The docket sheet indicates that these officers may have been served on July 24, 2014, and their answers would be due on August 14, 2014.  According to the CCRB, the investigation is ongoing, but nearing its conclusion.  The City now seeks an enlargement of its time to respond to the complaint in the hopes that the CCRB case will be closed within this time period, allowing the civil case to move forward in a timely fashion.  In the event that the CCRB case is not closed by September 5, 2014, the City may seek a stay of this case.

As CCRB is currently investigating whether the officers involved in the alleged incident violated any New York City Police Department ("NYPD") rules or regulations, this office cannot make a determination as to whether it can represent these defendants in the current action

Honorable Judge Levy
Stewart v. NYC, et al.
August 6, 2014
Page 2

until the resolution of the CCRB investigation. Thus, requiring the instant action to proceed before the conclusion of the CCRB investigation may jeopardize the representation of the individual defendants.

Moreover, best practices prevent this office from even communicating with the individual defendants until the resolution of the CCRB investigation because, if they are found to have violated NYPD procedures, there will be a conflict of interests between this office and the individual defendants. As defendant City is a municipality, it can only communicate through its agents. Thus, if this office cannot communicate with the individual defendants, the City of New York cannot even offer a version of the events in question, let alone prepare an effective defense of the claims asserted by plaintiffs. Defendant City further requests an additional thirty-day extension of its time to answer or otherwise respond to the complaint until September 5, 2014. The Court previously granted a 60-day enlargement of the City's time to respond to the complaint.

Thank you for your attention to this matter.

Respectfully submitted,

Elissa B. Jacobs

cc:     Samuel Cohen Esq.            **By ECF**
        *Attorney for Plaintiffs*