# DAVID A. THOMPSON
## STECKLOW & THOMPSON

217 CENTRE STREET, 6TH FLOOR
NEW YORK, NEW YORK 10013
TEL:  (212) 566-8000
FAX:  (212) 202-4952
DAVE@SCTLAW.NYC

August 25, 2015

BY ECF
Magistrate Judge Robert M. Levy
Easter District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

Re: Stewart v. The City of New York, 14-cv-02854

Dear Magistrate Judge Levy:

I write as counsel for the plaintiffs in the above-captioned case. The purpose of this letter is to seek an extension of time in which the parties may complete discovery, a request in which the defendants join. In the alternative, the plaintiffs request that the Court either: 1) order the defendants to appear for their noticed depositions, or 2) preclude the defendants who were noticed and who did not appear from giving testimony in this case. The defendants do not join in this alternative relief.

In the initial conference held on October 2, 2014, the date for the close of fact discovery was April 2, 2015. On May 26, 2015, this Court granted a joint motion to extend fact discovery until August 25, 2015. As things stand today, the defendants have not answered the plaintiff's document demands or interrogatories (although the defendants' initial disclosures were relatively voluminous), and the defendant officers did not appear for properly-noticed depositions (noticed for Aug. 19-21). The defendants have not noticed the plaintiffs' depositions, but have expressed their intention to do so.

I have conferred with Ms. Elissa Jacobs, attorney for the defendants, regarding these issues and how they relate to the current schedule. We agree that, in order to place both parties in a position in which they may proceed to dispositive phases of the case with a reasonable capacity to proceed on the merits – unless the Court grants the plaintiff the alternative relief requested below -- an extension of time would be required. We have conferred on dates in which depositions can be held. The individual defendants have agreed to appear on September 9th, 21st, 25th and 29th. The parties have identified September 30th, October 2nd, and October 6th as dates on which the plaintiffs' depositions might be held if noticed. I have not yet had the

opportunity to confer with my clients concerning whether these dates would be possible for them. Based on these potential deposition dates, the parties request that the deadline for fact discovery be reset to October 23, 2015. There is a pretrial conference scheduled for September 25th at 2:00 PM, which would need to be adjourned to another date if the extension of time is granted. I suggest that, if the deadline for fact discovery were to be set at October 23rd, an adjournment date of Nov. 20th or 23rd would be appropriate.

In the alternative, the plaintiffs request that the Court either: 1) order the defendants to appear for their noticed depositions, or 2) preclude the defendants who were noticed and who did not appear from giving testimony in this case. The partner in my firm who previously handled this case (and several others) departed the firm in June. My case load increased considerably, and I took over the case. On review of the file, I noticed the following defendants for deposition: Cornelius Buckley, Matthew Fried, Matthew Reich, Jaime Ortiz, and Brendan O'Brien. The notices were sent on August 5th, for depositions noticed on August 19th through 21st, inclusive. On or about August 17th, Ms. Jacobs informed me that the defendants would not appear. In good faith, I conferred with Ms. Jacobs to develop the proposed extended schedule discussed above. However, in the event that the Court is unable to extend the deadlines further, it is the plaintiffs' position that the plaintiffs' should not be penalized and prejudiced by the defendants' failure to comply with discovery. The plaintiff accordingly requests that the Court issue the orders stated above, and grant such other and further relief as the Court deems proper.

Respectfully submitted,

David Thompson