# DAVID A. THOMPSON
# STECKLOW & THOMPSON

217 CENTRE STREET, 6TH FLOOR
NEW YORK, NEW YORK 10013
TEL:   (212) 566-8000
FAX:   (212) 202-4952
DAVE@SCTLAW.NYC

May 12, 2016

**VIA ECF**
Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   <u>Stewart et al. v. City of New York, et al.</u>, 14cv2854 (RJD) (RML)

Dear Honorable Judge Levy:

    I write as the attorney for the plaintiffs in this action. The plaintiffs file this **letter motion** to sever their cases, pursuant to Rule 21, into three separate actions. In addition, the plaintiffs seek an order of the Court, pursuant to Rule 1, striking the defendants' Rule 68 offer from the record of the case and/or declaring it invalid.

## I.   Overview

    On March 31, 2016 the defendant served upon the plaintiff's purported Rule 68 offer. (See Ex. A). The defendants did not offer a sum certain to any of the plaintiffs. Rather, the defendants offered $22,500 to the three plaintiffs collectively, and the terms of the offer stated that this amount was to be split by the plaintiffs among them. The offer provided no formula for the division of this sum. The offer also stated that it was invalid unless excepted by all three plaintiffs. Plaintiffs Jacob Peña and Amir Stewart accepted the offer, with objections that it was improper because it did not offer either of them a sum certain for acceptance. Both plaintiffs noted that the amounts they chose to accept, if added together, exceeded the total amount offered. Plaintiff Amil Stewart rejected the offer, stating that he would accept an offer of 22,500 to himself, but he did not understand this offer was an offer to him for that amount. (See Ex. B).

    I wrote to the defendants stating the plaintiffs' objections to the offer, to provide the defendants with an opportunity to avoid motion practice on whether or not their offer was lawful and proper, and the other related issues which are now the subject of this letter. The defendants

1

informed me that I would have to make my motion. I make this motion as a letter motion, because I believe an exchange of letters should be sufficient to place these relatively simple issues before the Court for decision.

The defendants' lump sum, unapportioned Rule 68 offer is improper for two reasons. **First**, by locking the plaintiffs into a zero-sum game in which they compete against one another for a limited fund, the defendants have created conflicts of interest that seriously interfere with my representation of the plaintiffs as an attorney. No substantial conflicts existed simply by virtue of the fact that I concurrently represented three plaintiffs in the same case, because until the unapportioned Rule 68 offer, I could pursue each clients interest without adversely impacting the interest of any other. The defendants Rule 68 offer, which required the plaintiffs to decide among themselves how to divide the limited sum, essentially forced the plaintiffs to enter into a settlement negotiation with one another. In such a negotiation, the interests of each plaintiff are adverse to each other plaintiff: a dollar more for plaintiff Peña, for example, is a dollar less for the two other plaintiffs. As an attorney I cannot represent three adverse sides in the same negotiation. As will be discussed further below, this is the kind of attorney which conflict cannot be resolved by informed consent. **Second**, the offer violates Rule 68 itself, by failing to establish a clear baseline against which later award to any plaintiff might be measured.

As a remedy, the plaintiffs seek to sever this action into three actions, to cure the actual or potential conflict of interest, and to prevent a similar conflict from arising in the future should the defendants decide to make a similar improper Rule 68 offer in this case before trial. In the addition or in the alternative, the plaintiffs seek in order striking the Rule 68 offer from the record of the case, and/or declaring it invalid for all purposes.

## II. The Defendants' Lump-Sum, Unapportioned Offer to the Three Plaintiffs Created a Non-Consentable Conflict of Interest Among Plaintiffs and Plaintiffs' Counsel

In filing this action, the plaintiffs each sought an award of damages from a jury, with the expectation that -- pursuant to centuries of legal tradition -- the jury would value the harm each plaintiff suffered individually, and individually award reasonable compensation to each plaintiff. Nothing about filing their claims in a single action would foreseeably modify the manner in which the plaintiffs' damages would be calculated or awarded. The defendants, by making a combined and unapportioned settlement offer under the punitive shadow of Rule 68, created a conflict of interest that would not have otherwise arisen.

The nature of the conflict is well defined under New York law. Pursuant to Professional Rule 1.7, an attorney cannot represent parties that are adverse to one another in the same matter.[1] By forcing the plaintiffs into a settlement negotiation among themselves over an unapportioned rule 68 offer, the defendants created a matter in which each plaintiff's interest was utterly opposed to each other's, and the conflict of my role as attorney for all of them was irreconcilable.

### A. Zero-Sum Competition for the Same Limited Rule 68 Fund Is A Directly Adverse Conflict Among the Plaintiffs

Under New York law, an attorney may not represent more than one plaintiff seeking to recover from the same common fund, where the fund will likely be insufficient for full satisfaction of all claims. *See John Doe No. 4 v Yeshiva & Mesivta Torah Temimah, Inc.*, 38 Misc. 3d 1214(A), 1214A (N.Y. Sup. Ct. 2013). The New York State Bar Association committee on professional ethics has ruled that such representation is not merely disfavored, it is forbidden. *See* Committee of Professional Ethics, New York State Bar Association, Opinion No. 639 - 12/07/92 (28-92) [A courtesy copy is provided as Exhibit C].[2] The defendants, with this rule 68 offer, created a limited common fund and placed the three plaintiffs in direct conflict with one another in their claims upon that fund. In so doing, the defendants have artificially created a forbidden and irreconcilable conflict.

The Second Circuit holds that it is *prima facie* improper for an attorney to represent one existing client adversely to another existing client. *See GSI Commerce Solutions, Inc. v. BabyCenter, L.L.C.*, 618 F.3d 204, 209-210 (2d Cir. N.Y. 2010). Where such conflict arises, the attorney must show that there is **neither actual nor apparent** conflict in loyalties or diminution

---

[1] Professional Rule 1.7 provides: (a) Except as provided in paragraph (b), a lawyer shall not represent a client if a reasonable lawyer would conclude that either: (1) the representation will involve the lawyer in representing differing interests; or (2) there is a significant risk that the lawyer's professional judgment on be half of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests.
 (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if: (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client; (2) the representation is not prohibited by law; (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and (4) each affected client gives informed consent, confirmed in writing.

[2] "Even though the Canons have been replaced by the New York Rules of Professional Conduct, the new rules still incorporate much of the substance of the old rules." *Pierce & Weiss, LLP v. Subrogation Ptnrs. LLC*, 701 F. Supp. 2d 245, 251 (E.D.N.Y. 2010). *See also Merck Eprova AG v. ProThera, Inc.*, 670 F. Supp. 2d 201, 2009 WL 4067209, at *11, n.1 (S.D.N.Y. 2009) (stating that Rule 1.7 of the NEW YORK RULES OF PROFESSIONAL CONDUCT "is substantively similar to Canon 5, Disciplinary Rule 5-105(A)-(B), and DR 5-101 of the Old Rules.").

in the vigor of his representation. *See id.* The Second Circuit holds that "this is a burden so heavy that it will rarely be met." *Id.* This Court should note that the mere fact that multiple plaintiffs sue the same entity does not create conflict. *See Farb v. Baldwin Union Free Sch. Dist.*, 2011 U.S. Dist. LEXIS 109006, 43-44 (E.D.N.Y. Sept. 26, 2011). Conflict arises in a multi-plaintiff case where – as with the defendants' Rule 68 offer -- "recovery of one client is at the expense of recovery of another." *See id.*; Committee of Professional Ethics, New York State Bar Association, Opinion No. 639 - 12/07/92 (28-92).

### B.   Directly Adverse Conflict Is Non-Consentable

The conflicts created by the defendants' offer cannot be resolved with simple disclosure and consent. Under New York law, even with consent, an attorney cannot represent adverse interests unless there is a "**reasonable** belief on the part of the attorney that he is not in a position of divided loyalty." *Matter of Canigiani*, 2012 N.Y. Misc. LEXIS 3464, 6-7 (N.Y. Sur. Ct. June 13, 2012) (citing *Paladino v. Skate Safe, Inc..*, 28 Misc. 3d 1227A [A] [Sup Ct, Nassau County 2010]) (emphasis added). Under New York law, the lawyer's conflict is considered unacceptable even if it merely creates the **appearance** of conflict, the **potential** for conflict, or if any harm to the clients is **inadvertent**. *See Greene v. Greene*, 47 N.Y.2d 447, 451-452 (N.Y. 1979); *Kelly v. Greason*, 23 N.Y.2d 368, 376 (N.Y. 1968); *Pierce & Weiss, LLP v. Subrogation Ptnrs. LLC*, 701 F. Supp. 2d 245, 251 (E.D.N.Y. 2010). It is not merely the clients' interests at stake -- attorneys are barred from "even appear[ing] to advance, conflicting interests" in order to "safeguard … against abuse of the adversary system and resulting harm to the public at large." *Greene*, 47 N.Y.2d at 451-452.

Speaking subjectively, I do not have any belief that – with respect to the Rule 68 offer or any similar offer – I am not "in a position of divided loyalty." I can think of no way to advise one plaintiff how much of the common fund to lay claim to, without prejudicing that same client, and/or my other two clients. Speaking objectively, if I had a belief that I was not in a position of divided loyalty under such circumstances, it would not be a **reasonable** belief, even if I had 'informed consent' of all three clients. The New York Court of Appeals has left little room for doubt:

> Perhaps the clearest instance of impermissible conflict occurs when a lawyer represents two adverse parties in a legal proceeding. In such a case, the lawyer owes a duty to each client to advocate the client's interests zealously. Yet, to properly represent either one of the parties, he must forsake his obligation to the other. Because dual representation is fraught with the potential for irreconcilable

4

conflict, it will rarely be sanctioned even after full disclosure has been made and the consent of the clients obtained. Particularly is this so when the public interest is implicated, or where the conflict extends to the very subject matter of the litigation. *Id.*

To summarize, the defendants' offer created a direct conflict, pursuant to Professional Rule 1.7, of the sort that the New York State Bar Association Ethics Committee has previously advised precludes representation, and which New York Court of Appeals precedent shows to be non-consentable. The Rule 68 offer is improper.

## III. The Lump-Sum, Unapportioned Offer to the Three Plaintiffs Violates Rule 68

There is little case law concerning lump-sum Rule 68 offers unapportioned among multiple plaintiffs, apparently because this is a tactic that is rarely tried. There is no Second Circuit decision on this issue.[3] The leading case on this issue is *Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071, 1075 (7th Cir. Ill. 1999),[4] which held that a Rule 68 offer that was unapportioned among the three plaintiffs was invalid. The reasoning of the Seventh Circuit in Gavoni was primarily based on the nature and purpose of Rule 68 itself, rather than upon the more serious ethical considerations discussed above. Their reasoning, that Rule 68 itself forbids a lump-sum unapportioned offer to multiple plaintiffs, is persuasive:

> [To trigger Rule 68 fee-shifting, t]he defendant must show that the offer was more favorable than the judgment and that the mandatory cost-shifting provision was therefore triggered. Defendants should bear this burden for two reasons. First, because Rule 68's cost-shifting provision is mandatory and applies to individual parties--the "offeree must pay the costs incurred" by the offeror-- plaintiffs face serious consequences in either accepting or rejecting a Rule 68 offer. ... There must therefore be a clear baseline from which plaintiffs may evaluate the merits of their case relative to the value of the offer. ... Further, plaintiffs should not have to speculate how courts will interpret an offer; "a defendant should state his intentions clearly, and any failure to do so will be at his peril."
>
> Second, courts also need easily comparable sums. In applying Rule 68, courts have "no discretion to alter or modify the parties' agreement." ... And there is good reason for this narrow approach: after-the-fact efforts to clarify offers "undermine the Rule's purpose of encouraging settlement and avoiding protracted litigation." On the other hand, clarifying the terms of an offer before it has been accepted or rejected furthers the purpose of the Rule.

---

[3] The plaintiffs do not dispute that the **other** condition on the offer, that it would be enforceable only if all three plaintiffs accepted, is a permissible condition in this Circuit under current law.

[4] A courtesy copy is provided as Exhibit D.

5

> Requiring a defendant to apportion a settlement offer made to multiple plaintiffs would not undermine Rule 68's policy toward settlement. A requirement of plaintiff-specific offers would not discourage a defendant from tendering a Rule 68 offer. A defendant with a total figure in mind could simply apportion the figure to reflect the relative values of the plaintiffs' alleged injuries. ... Alternatively, if a defendant did not have such a readily accessible benchmark or was reluctant to specify the relative values of the individual claims, it could offer each plaintiff an equal share of the fixed figure. *Gavoni*, 164 F.3d at 1076-1077.

The D.C. Circuit concurs with the Seventh Circuit: "Because the record does not reflect that the individual plaintiffs knew the value to each of them of the lump-sum [Rule 68] offer, they 'simply could not have evaluated the individualized values of the offer' and 'without two precise figures to compare, the district court was in no position to resolve the lack of precision.' Accordingly, we conclude the joint offer of judgment did not trigger Rule 68's cost-shifting provision." *Thomas v. NFL Players Ass'n*, 273 F.3d 1124, 1130 (D.C. Cir. 2001) (quoting *Gavoni*, 164 F.3d 1075-1076).

The Tenth Circuit (in a non-precedential opinion), however, has ruled to the contrary, that an offer unapportioned to the plaintiffs is valid under some circumstances. *See Roska v. Sneddon*, 366 Fed. Appx. 930, 940 (10th Cir. Utah 2010). In Roska, the decisive issues seem to have been that the Tenth Circuit was reviewing the issue at the end of the case, after a jury awarded $2.00 to the parents (the plaintiffs were three children and their parents) after an earlier unapportioned Rule 68 offer of $5,000, and that the plaintiffs did not object to the unapportioned offer when made. The Tenth Circuit also noted that (unlike here) the case before them was not one where individuals were "suing for separate physical injuries." *Id.* at 941. The Tenth Circuit seems also to have believed that because the plaintiffs were members of the same family, their interests were naturally aligned. This is dubious: anyone who has been involved in the division of an estate knows that families can be riven by horrible conflict when a fixed sum of money is involved. In any case, while the Stewart plaintiffs are brothers, Jacob Peña is not a relation. This Court is clearly not bound by the Tenth Circuit's decision in Roska, and ought not to follow it in this case.

The Second Circuit has held that a Rule 68 offer may be unapportioned among multiple **defendants**, in the sense that multiple defendants can combine to make a single Rule 68 offer without specifying what each defendant is contributing to the amount offered. *See Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014). However, an offer **made** collectively (a decision which is not obligatory) is not the same as an offer which must be **accepted** collectively, under the compulsion of the fee shifting/cut-off provisions for Rule 68. *See King v. Rivas*, 555

6

F.3d 14, 18 (1st Cir. N.H. 2009) (holding that the question of attribution of specific sums to multiple defendants making a joint Rule 68 offer presented "quite different problems" from a single unapportioned offer made to multiple plaintiffs). *See also Tai Van Le v. Univ. of Pa.*, 321 F.3d 403, 408 (3d Cir. Pa. 2003) (similarly distinguishing apportionment among defendants from apportionment among plaintiffs).

### IV. No Legitimate Purpose is Served By the Defendants' Maneuver: The Defendants' Offer is an Unethical Act

Offering a lump-sum, unapportioned Rule 68 offer to the three plaintiffs created an irreconcilable ethical conflict among my clients and me. It is not always unethical to create an ethical problem for one's adversary, although such conduct is suspect. Here, however, there is no legitimate benefit to the defendants arising from the decision not to apportion the offer among the plaintiffs. As the Seventh Circuit explained, the legitimate goals of a Rule 68 offer are not furthered by the lump-sum provision: "A requirement of plaintiff-specific offers would not discourage a defendant… A defendant with a total figure in mind could simply apportion the figure to reflect the relative values of the plaintiffs' alleged injuries. … Alternatively, if a defendant did not have such a readily accessible benchmark or was reluctant to specify the relative values of the individual claims, it could offer each plaintiff an equal share of the fixed figure." *Gavoni*, 164 F.3d at 1076-1077. The separate condition that all plaintiffs must accept for the offer to be enforceable can be (and is) used in Rule 68 offers with separately apportioned amounts to each plaintiff.

Thus, the only things that the defendants' decision not to apportion its Rule 68 offer does is: 1) create an ethical conflict, and 2) consequently make it less likely that the plaintiffs will accept the offer. Conduct that creates ethical conflict as a goal (rather than as an unintended side effect of conduct engaged in for some other purpose) is unethical. *See* Rules of Professional Conduct § 3.1. Adding non-monetary conditions to a Rule 68 offer for the purpose of making it less likely to be accepted abuses the Rule, because it attempts to get the benefit of fee-shifting without making a good-faith effort to settle the case.

When I spoke about these issues with counsel for the defendants, Ms. Elissa Jacobs, I got the impression that Ms. Jacobs was not the inventor of this novel Rule 68 strategy, and that it is, instead, one of the new strategies being employed by Corporation Counsel in an attempt to get tough on the plaintiff's bar. This is an impression—Ms. Jacobs did not expressly say that this is

the case. Whatever the case may be, I do not want to convey the impression – by the two paragraphs above this one – that I consider Ms. Jacobs to be acting dishonorably or to be an attorney lacking in ethics. I firmly believe that this Rule 68 strategy is unethical, but if it originates from Ms. Jacobs, I am sure she believes it to be within the rules. Throughout this litigation, Ms. Jacobs has been collegial and highly professional in her conduct. In this motion, the plaintiffs seek a ruling on the offer and on their request to sever the action, not on anyone's personal ethics.

### V. The Plaintiffs Seek Severance of Their Actions or an Order Striking The Rule 68 Offer

While the March 31, 2016 Rule 68 offer is no longer operative because it has expired without being accepted by all plaintiffs according to its terms, the fact that the immediate cause of the conflict of interest is in the past does not entirely resolve that conflict. Furthermore, the likelihood exists that further offers made in this case will follow the same unapportioned pattern, causing the same issue to recur again. For this reason, the plaintiffs respectfully request that the Court sever each plaintiff's claims from the other, creating three separate actions. The plaintiffs also request that the Court strike the Rule 68 offer from the record in this case, and/or declare the offer to be invalid.

#### A. The Court Should Sever the Actions

"The Court has broad discretion to sever claims under Rules 20(b), 21, and 42 (b)." *Patrick Collins, Inc. v. Doe*, 288 F.R.D. 233, 239 (E.D.N.Y. 2012) (citing, *inter alia*, See, e.g., *Amato v. City of Saratoga Springs*, 170 F.3d 311, 316 (2d Cir. 1999) and *New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065 (2d Cir. 1988)). The factors for the Court to consider are:

> "(1) whether the claims arise out of the same transaction or occurrence;
>
> (2) whether the claims present some common questions of law or fact;
>
> (3) whether settlement of the claims or judicial economy would be facilitated;
>
> (4) whether prejudice would be avoided if severance were granted; and
>
> (5) whether different witnesses and documentary proof are required for the separate claims." *Id.*

Courts agree: "**Severance requires the presence of only one of these conditions.**" *Id.* (citations omitted). *See also Benedith v. Malverne Union Free Sch. Dist.*, 38 F. Supp. 3d 286,

8

337-338 (E.D.N.Y. 2014); *Augme Techs., Inc. v. AOL Inc.*, 2012 U.S. Dist. LEXIS 88463 (S.D.N.Y. June 20, 2012); *Tardd v. Brookhaven Nat'l Lab.*, 2007 U.S. Dist. LEXIS 34378, 18-19 (E.D.N.Y. May 8, 2007); *Corporan v. City of Binghamton*, 2006 U.S. Dist. LEXIS 74963, 9-10 (N.D.N.Y Oct. 16, 2006).

Of the five factors above, factors one, two and five favor joinder and argue against severance. These factors are the reason the claims were filed as a single action in the first place. However, for reasons that are clear based on the discussion above, it is evident that "prejudice would be avoided if severance were granted," and "settlement of the claims ... would be facilitated." *Patrick Collins*, 288 F.R.D. at 239. Where one factor is enough for severance, here two weigh in favor of it.

Upon severance, there is no reason why the separate actions could not proceed to the imminent end of discovery on a coordinated basis. Discovery (in addition to being almost over) does not raise the same ethical dilemmas that now exist because of the defendants' settlement tactics.

### B. The Court Should Strike the Rule 68 Offer or Declare it Invalid

Motions to strike a Rule 68 offer are relatively rare, and they generally occur in the context of class action lawsuit, where such offers have been used strategically to deprive a putative class of its lead plaintiff(s). Courts differ as to whether and how a Rule 68 offer may be stricken. In *Boles v. Moss Codilis*, LLP, 2011 U.S. Dist. LEXIS 104466 (W.D. Tex. Sept. 15, 2011),[5] the court reviewed the various approaches, collecting cases in support of each, before determining that the proper course of action was to strike the offer. The court in <u>Boles</u> explained that courts have assorted into three camps: 1) those that believe that a Rule 68 offer cannot be stricken because only Rule 12(f) grants the power to strike (and it is limited to pleadings); 2) those that believe that although a Rule 68 offer cannot be stricken, that it can be declared ineffective, and 3) those that consider it part of the inherent powers of the court to rule on a Rule 68 offer when the issue arises (whether by striking or by declaration).

The court in <u>Boles</u> concluded: "This Court agrees with those courts that have stricken the offers of judgment. As one court noted, 'whether an offer of judgment can be stricken, or simply

---

[5] A courtesy copy is provided as Exhibit E.

declared ineffective, is the sort of technicality that elevates form over substance.' Striking the Rule 68 offer is the most efficient and effective way to acknowledge that the offer is invalid." *Boles*, 2011 U.S. Dist. LEXIS 104466 (citing *Lamberson v. Fin. Crimes Servs., LLC*, Civ No. 11-98, 2011 U.S. Dist. LEXIS 56614, at *10-11 (D. Minn April 13, 2011)).[6]

The Boles court found the power to strike/declare invalid the Rule 68 offer to be part of the court's inherent powers, citing Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991) as "noting that courts have implied powers that 'are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Id.* Such inherent authority could also be found in Federal Rule 1, which codifies the inherent authority of the Court to manage each case before it. *See Nationwide Mut. Ins. Co. v. Mortensen*, 606 F.3d 22, 28 (2d Cir. Conn. 2010). Rule 1 provides that the Federal Rules: "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." "A court's inherent power to control its docket is part of its function of resolving disputes between parties." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. N.Y. 1997). The Court has the power to regulate conduct that "frustrates the aims of Rule 1." *Kiobel v. Millson*, 592 F.3d 78, 87 (2d Cir. N.Y. 2010).

The Boles Court found the issue ripe where the Rule 68 created a conflict of interest among the plaintiffs: "The Rule 68 offer had an immediate impact on the named Plaintiff in this case by pitting her interests against the interests of the putative class members. The Rule 68 offer therefore creates a meaningful legal dispute that is ripe for adjudication." *Boles*, 2011 U.S. Dist. LEXIS 104466, *9. Similarly, the issue is ripe for decision here.

## VI.  Conclusion

For the foregoing reasons, the plaintiffs respectfully request that the Court sever their cases, pursuant to Rule 21, into three separate actions. In addition, the plaintiffs seek an order of the Court, pursuant to Rule 1 and the Court's inherent powers, striking the defendants' Rule 68 offer from the record of the case and/or declaring it invalid.

---

[6] It must be noted that the one case from this District (from 2003) which has addressed the issue held that if the Rule 68 offer is not filed to the docket "there is nothing to strike." *McDowall v. Cogan*, 216 F.R.D. 46, 52 (E.D.N.Y. 2003).

Respectfully submitted,

David A. Thompson
Stecklow & Thompson
Attorneys for the Plaintiffs