

| | | |
|---|---|---|
| **ZACHARY W. CARTER**<br>*Corporation Counsel* | T**HE** C**ITY OF** N**EW** Y**ORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY  10007 | **Elissa B. Jacobs**<br>*Special Federal Litigation*<br>(212) 356-3540<br>(212) 788-9776 (fax)<br>ejacobs@law.nyc.gov |

May 26, 2016

**By ECF**
Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: Ameir Stewart, et al. v. City of New York, et al.,
       1:14-cv-02854-RJD-RML

Your Honor:

    I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of The City of New York, representing the defendants in this action.  I am writing to oppose plaintiff's request to strike the Rule 68 Offer or, in the alternative, to sever the defendants' claims.

    On March 31, 2016, defendants made a Rule 68 Offer of Judgment to the plaintiffs in this case in the amount of $22,503 plus reasonable attorneys' fees, to be split by the plaintiffs and "contingent upon all three plaintiffs . . . accepting the Rule 68 offer of judgment."  The offer was good only until April 15, 2016.  At 7:00 p.m. on that date, plaintiffs' counsel sent a letter, attached to plaintiffs' motion as Exhibit 2, requesting clarification of the offer.  I informed plaintiffs' counsel that I believed the offer was clear in its own terms, and that no clarification was necessary.  As plaintiffs state in their letter, defendants declined to strike the offer (which by that point in time had expired) and this motion practice is the result.

    Plaintiffs are now asking for two alternative types of relief – that the court either strike the Rule 68 Offer or that the Court sever this action into three separate actions in order to resolve the claimed conflict between the parties.  For the reasons stated below, the Court should decline to take either action and allow the case to continue as is.

<u>Plaintiffs' Motion to Strike the Rule 68 is seeking an advisory opinion and should be denied</u>

Honorable Judge Levy
Stewart v. NYC, et al.
May 26, 2016
Page 2

Plaintiffs here are moving to strike an offer which, at this point in time, has no legal effect. Instead, plaintiffs are seeking an advisory opinion on whether, following a trial that has not yet taken place, they may potentially be impacted by this offer. Because this issue is not yet ripe for judicial intervention, the Court should deny this motion.

Generally, motions to strike are not viewed favorably and courts are reluctant to grant motions to strike unless clearly warranted. Maschmeiger v. Ingram, 97 F.Supp 639 (S.D.N.Y. 1951); Rosenblatt v. United Airlines, Inc., 21 F.R.D. 110 (S.D.N.Y. 1957). There is no clear reason here why this motion to strike should be entertained. As discussed below, courts which have considered this issue have not expressed concern about the apparent conflict when a single attorney represents multiple plaintiffs. There is no other valid reason advanced by plaintiffs that necessitate court intervention at this time.

Furthermore, it would appear that plaintiff is not permitted to make a motion to strike defendants' Rule 68 offer of judgment since the offer of judgment was never filed with the Court. In McDowall v. Cogan, 216 F.R.D. 46 (E.D.N.Y. 2003), Judge Ross addressed this very issue. Despite having certain misgivings about a Rule 68 Offer made to the named plaintiff in a class action, Judge Ross held that:

> [T]he court nonetheless denies McDowall's motion to strike. As defendants observe, there is nothing to strike here, as an offer of judgment is not filed with the court until accepted or until offered by a defeated party to prove costs. 12 Charles Alan Wright et al., Federal Practice and Procedure § 3002 (2d ed. 1997). Moreover, even assuming that it is possible to strike a document not yet filed with the court, there is no point in striking defendants' offer, as it has no legal significance. Id. at 52

Judge Ross is correct – the unaccepted offer has no legal significance and there is therefore nothing to strike. What plaintiffs instead are seeking is an advisory opinion that will allow them to proceed to trial knowing in advance what legal impact the offer may potentially have. Until the Rule 68 has some legal significance, there is essentially nothing on which the Court need to rule.

<u>Plaintiffs' Motion for Severance Should be Denied</u>

Plaintiffs next request that their claims be severed in light of the apparent conflict created by the joint offer. In determining whether to sever claims, courts consider "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." In re Merrill Lynch & Co., Inc Research Reprots Sec. Litig., 214 F.R.D. 152, 154-155 (S.D.N.Y.

2003). Plaintiffs claim that settlement of the claims would be facilitated by severance, and that prejudice would be avoided if severance were granted.

First, plaintiffs claim that they are prejudiced by the joinder of their claims because of an alleged conflict is incorrect. As plaintiffs discuss in their letter, while the Second Circuit has not rules on the question of a joint Rule 68 offer, several other Circuits have addressed this issue, coming to a variety of conclusions. Generally, they find that representation by a single lawyer a factor in favor of finding a joint offer acceptable. For example, in Roska v. Sneddon, 366 F. App'x at 940-42 (10th Cir. 2010), the Tenth Circuit found that an un-apportioned Rule 68 offer was valid, finding that "the of allocating the offer as to each plaintiff may increase clarity and ensure the offer is valid, such requirement in every instance would place form over substance." Id. Similarly, Courts in the Third Circuit have found Rule 68 offers valid where, as here, plaintiffs were "all related, resided in the same household, and were jointly represented by the same attorney"; Jordan ex rel. Arenas-Jordan v. Russo, 2014 U.S. Dist. LEXIS 27756, 2014 WL 869482 (W.D. Pa. Mar. 5, 2014). Contrary to plaintiffs' assertions, courts have found joint representation to be a factor favoring joint offers of judgment, as there are not competing attorneys who may have a dispute about the value of their clients claims.

Second, plaintiffs claim that settlement would be facilitated by severance, because they assume that further offers of judgment along the same lines may be forthcoming. Here, again, plaintiffs are asking for relief in light of some theoretical future problem. Other than permitting them to accept their own individual offers, plaintiffs have not shown how severance would facilitate settlement. Defendants have not made an offer, nor has there been any further discussions regarding settlement of these claims following the issuance of the offer and plaintiffs' letter in response. Plaintiffs are asking for severance based on the potential that this would allow for settlement of the claims – and this is simply not enough.

Honorable Judge Levy
Stewart v. NYC, et al.
May 26, 2016
Page 4

      Most importantly, the factors supporting joinder of these claims is particularly strong in this case. The claims arise out of the same occurrence, present similar questions of law and fact and the same witnesses and proof will be necessary, both at trial and in discovery, in order to prove the claims. Additionally, judicial economy will be facilitated by allowing these claims to proceed together. Plaintiffs suggestion that the cases be consolidated for discovery but separated for trial similarly would unnecessarily triple the work of both the Court and the attorneys as this case proceeds. It would require three sets of motion papers and three trials, all with the same witnesses, about the same set of facts. Simply put, there is no reason why these cases should be severed, and very strong considerations to allow them to continue together.

      For the reasons stated above, defendants respectfully request that plaintiffs'' motions be denied.

      Respectfully submitted,

      /s

      Elissa B. Jacobs

cc:    David Thompson Esq.    **By ECF**
      *Attorney for Plaintiffs*